IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SCOTT POWERS**,

    **Petitioner,**                                                  Case No. 2:13-cv-1179

    v.

**WARDEN, LONDON CORRECTIONAL**        **JUDGE JAMES L. GRAHAM**
**INSTITUTION,**                                       **Magistrate Judge Kemp**

    **Respondent.**

### REPORT AND RECOMMENDATION

Petitioner, Scott Powers, a prisoner at the London Correctional Institution, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. The case is now before the Court on the petition, Respondent's motion to dismiss, and Petitioner's response. For the following reasons, it will be recommended that the motion to dismiss (Doc. 6) be **DENIED**.

### I. PROCEDURAL HISTORY

The Court will set out the procedural history of this case as it relates to the motion to dismiss, which argues that the petition is barred by the one-year statute of limitations contained in 28 U.S.C. §2244(d)(1).

According to the petition, Petitioner was convicted in the Franklin County Court of Common Pleas on May 21, 1991, of burglary and possession of criminal tools. He was given sentences of 8-15 years to run concurrently with prior sentences, and seven years to run concurrently with all of his other sentences. The petition does not indicate that an

appeal was ever taken from this sentence.

Although he makes no mention in the petition of a subsequent conviction, Respondent's exhibits show that Petitioner was indicted on similar charges in 2005 and found guilty after a jury trial. He was sentenced to seven years on one count and a concurrent twelve-month sentence on the second. *Return of Writ*, Exhibit 4. He appealed that conviction and sentence to the Tenth District Court of Appeals, which, in an opinion filed on August 29, 2006, affirmed the trial court's decision. *Return of Writ*, Exhibit 8; *State v. Powers,* 2006 WL 2474494 (Franklin Co. App. Aug 29, 2006). Petitioner sought review by the Ohio Supreme Court by way of an untimely appeal but was unsuccessful in obtaining review. *Return of Writ*, Exhibit 12; *State v. Powers*, 113 Ohio St.3d 1439 (March 28, 2007). He also sought to attack that conviction by filing a "Common Law Motion to Vacate Void Judgment and Sentence," but that was denied as untimely. *Return of Writ*, Exhibit 16.

Perhaps most pertinent to this case, on November 2, 2012, Petitioner filed a petition for a writ of habeas corpus in the Madison County Court of Common Pleas. In that petition, he detailed various sentences he received from the Knox and Franklin County Courts of Common Pleas, plus time he was sentenced to serve as a result of parole violations. By his calculations, the last sentence he had to serve was the seven-year sentence imposed as a result of his 2005 conviction, and that sentence expired in January, 2012. As a result, he asserted that he was being held in custody unlawfully. He specifically disputed the Department of Rehabilitation and Correction's ability to consider certain sentences as running consecutively when the courts which sentenced Petitioner had said

otherwise. *Return of Writ*, Exhibit 17. In an entry filed on January 17, 2013, the court denied relief, finding that Petitioner's maximum term did not expire until sometime in 2023. *Return of Writ,* Exhibit 18. He unsuccessfully appealed that decision to the Twelfth District Court of Appeals and to the Ohio Supreme Court, with the latter court declining to accept jurisdiction by way of an entry filed on November 6, 2013. *Return of Writ*, Exhibit 25. Petitioner filed this case with an effective filing Date of November 22, 2013, raising a single issue. As he phrased it,

> THE SEPARATION OF POWERS DOCTRINE PROHIBITS THE EXECUTIVE BRANCH FROM RESENTENCING A DEFENDANT IN A CRIMINAL CASE AND EXTENDING HIS SENENCE (sic) BEYOND THE MAXIMUM IMPOSED BY THE COURT AND PETITIONER'S RIGHT TO DUE PROCESS OF LAW WAS VIOLATED WHERE THE STATE DID SO.

As a result, he seeks his immediate release from prison.

## II. THE STATUTE OF LIMITATIONS

Respondent has moved to dismiss the case on statute of limitations grounds. According to Respondent, Petitioner's conviction (referring to his 2005 Franklin County conviction) became final on October 13, 2006. Since he filed this case more than seven years later, Respondent contends, citing to the language of §2244(d) ("The [one-year] limitation period shall run from the latest of (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..."), that the case is time-barred. Petitioner responds that he is not attacking the 2005 conviction or sentence, but rather the fact that he is being held past his maximum expiration date. That

3

claim, he argues, did not accrue until February, 2012, when his maximum sentence expired, and he timely pursued his state remedies and timely filed this action well within one year of the Ohio Supreme Court's decision. Under §2244(d)(1)(D), a habeas corpus action may be filed within one year of "the date on which the factual predicate of the claim ... presented could have been discovered through the exercise of due diligence," and Petitioner argues that he did not know that ODRC was going to refuse to release him in February, 2012, and hold him beyond the expiration of his maximum sentence until that event actually occurred. Respondent has not filed a reply, and does not really address this argument in the motion to dismiss.

It is clear that Petitioner is not challenging either his 2005 conviction or the sentence which was imposed. Consequently, Respondent's calculation of the accrual date of a petition which would have challenged that conviction and sentence misses the mark. Petitioner is challenging one of two things: the 1991 sentence which, according to the state courts, extended his maximum sentence beyond the February, 2012 date he claims, or the ODRC's calculation of his maximum sentence. A challenge to the former is clearly time-barred; but what about a challenge to the latter?

There does not appear to be a great deal of case law on the subject. At least one court has suggested that a petitioner making such a claim "was, or with the exercise of reasonable diligence, should have been aware of the factual predicate of this claim no later than ... the date he believes his sentence should have expired." *Murphy v. Espinoza*, 401 F.Supp.2d 1048, 1052 (C.D. Cal. 2005). That decision relied, in part, on this language from

4

*James v. Walsh*, 308 F.3d 162, 168 (2d Cir. 2002): a habeas petitioner "could not have argued that he was in custody in violation of laws of the United States before the time when, according to his calculations, he should have been released."

These cases favor Petitioner's position. It might be, of course, that he had been aware for some time of ODRC's calculation of his release date, and could have brought an earlier challenge to that calculation, but the record does not prove that to be so, and, in any event, the statute of limitations is an affirmative defense which Respondent has the burden of proving. It has not done that through its motion to dismiss. Consequently, the Court recommends that the motion be denied and that Respondent be directed to file a Return of Writ addressing the merits of Petitioner's claims.

### III.  RECOMMENDED DISPOSITION

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that motion to dismiss (Doc. 6) be **DENIED**.

### IV.  PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or

recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge