IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SCOTT POWERS,

    Petitioner,

    v.

WARDEN, LONDON CORRECTIONAL INSTITUTION,

    Respondent

CASE NO. 2:13-CV-1179
JUDGE JAMES L. GRAHAM
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

On August 14, 2014, the Magistrate Judge issued a *Report and Recommendation* recommending that Respondent's *Motion to Dismiss* this case as time-barred under 28 U.S.C. § 2244(d) be denied and that Respondent be directed to respond to the merits of Petitioner's claim. *Report and Recommendation*, ECF 8. Respondent has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. Alternatively, Respondent contends that Petitioner's claim lacks merit. *Objection*, ECF 11.

For the reasons that follow, the Magistrate Judge's *Report and Recommendation* (ECF 8) is **ADOPTED** and **AFFIRMED**. Respondent's *Motion to Dismiss* (ECF 6) is **DENIED.** Respondent's *Objection* to the Magistrate Judge's *Report and Recommendation* (ECF 11) is **SUSTAINED** on the basis that Petitioner's claim lacks merit. Petitioner's *Motion to Appoint Counsel* (ECF 10) is **DENIED.** The petition for a writ of habeas corpus is hereby **DISMISSED**.

Petitioner asserts that he illegally is being held beyond the maximum expiration date of his sentence, in violation of the doctrine of separation of powers and due process. Petitioner argues that under 28 U.S.C. § 2244(d)(1)(D), the running of the statute of limitations on this

1

claim did not begin until February 2012,[1] the date on which his maximum sentence expired and prison officials refused to release him.  In November 2012, Petitioner filed a habeas corpus petition in the state trial court, which remained pending until November 6, 2013.  On November 22, 2013, Petitioner filed this habeas corpus petition.   .

>    28 U.S.C. § 2244(d)(1)(D) provides:
>
>> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Respondent objects to the Magistrate Judge's recommendation that the *Motion to Dismiss* this case as time-barred be denied.  Respondent contends that the statute of limitations began to run on the date that Petitioner's underlying convictions became final within the meaning of 28 U.S.C. § 2244(d)(1)(A), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]

Respondent contends this is so because O.R.C. § 2929.41(B), which requires a sentence to be served consecutively to any new felony committed by a probationer or parolee, is "self executing" and was in effect at the time of sentencing. *Objection,* Doc. No. 11, PageID# 340-41 (citing *State v. Rhodes,* No. 00 CA 160, 2001 WL 950685, at *2 (Ohio App. 7th Dist. Aug. 14,

---

[1] In his November 2, 2012, state habeas corpus petition, Petitioner asserts that his sentence expired in January 2012. *See Exhibit 17*, PageID# 205-206.

2001)(stating that O.R.C. § 2929.41 does not require a trial court to state at sentencing that any new sentence will be served consecutively with the old sentence(s)).  At the time the trial court imposed sentence, O.R.C. § 2929.41 provided in relevant part:

> "(B) A sentence of imprisonment shall be served consecutively to any other sentence of imprisonment, in the following cases:
>
>> "(1) When the trial court specifies that it is to be served consecutively;
>>
>> "(2) When it is imposed for a violation of division (A)(2), (3), or (4) of section 2907.21, division (B) of section 2917.02, section 2907.321, section 2907.322, division (B)(5) or (6) of section 2919.22, section 2921.34, or division (B) of section 2921.35 of the Revised Code, for a violation of section 2907.22 of the Revised Code that is a felony of the second degree, or for a violation of section 2903.13 of the Revised Code for which a sentence of imprisonment is imposed pursuant to division (C)(2) of that section;
>>
>> "(3) When it is imposed for a new felony committed by a probationer, parolee, or escapee[.]

O.R.C. § 2929.41(B)(Amendment Note 1995).

This Court is not persuaded by Respondent's argument that the statute of limitations began to run when Petitioner's judgment(s) of conviction(s) became final.  Petitioner does not challenge the underlying convictions or the sentences imposed in 1991 or 2005.  If he did, this action plainly would be time-barred.  But that is not the case.  Petitioner is challenging Respondent's refusal to release him beyond what he contends is the date that his sentence completely expired under state law.  He asserts that he therefore is being illegally held in prison, depriving him of due process, and in violation of the doctrine of separation of powers.  This Court is not persuaded that Petitioner could have known of the basis for this claim, *i.e.*, that he

would be challenging the State's refusal to release him from prison, at the time of sentencing, when the trial court imposed terms of incarceration in the 1991 and 2005 cases.

Other courts have held that the statute of limitations under similar scenarios begins to run at the time a criminal defendant learns that he is not going to be released, or at the time he could have learned of his date of release through the exercise of due diligence. *See. e.g., Bostic v. Beightler*, No. 1:11-cv-013454, 2012 WL 2064532, at *3-4 (N.D. Ohio March 29, 2012)(statute of limitations does not begin to run until, at the latest, the date that the prison refuses to release the petitioner); *Bassett v. Johnson*, No. 7:10-cv-00358, 2011 WL 4007840, at *3 (W.D. Va. Sept. 8, 2011)(statute of limitations does not begin to run until, at the latest, the date that the prison refused to release the petitioner beyond what he contends was his maximum release date); *but see Davis v. Warden, Chillicothe Correctional Inst.*, 2014 WL 116666, at *6 (S.D. Ohio Jan. 10, 2014)(barring claims under 28 U.S.C. § 2244(d)(1)(D) where the petitioner failed to establish due diligence in pursuing his claim).

**Merits**

Petitioner argues that his 1991 sentence of 8-15 years, imposed on new charges committed while he had been released on parole, was to run concurrently with his prior sentence. He further contends that, including his subsequent seven year sentence in 2005, again imposed on new charges committed while he had been released on parole, his maximum sentence expired in February 2012, and Respondent refuses to release him.  Petitioner asserts that the state court erroneously is permitting the prison to resentence him "without notice of opportunity to be heard, to consecutive sentences that the trial court did not impose." *Petition,* ECF 2, PageID# 5.  As a result, and liberally construing the *Petition,* as this Court is required to do, Petitioner asserts that his sentence violates due process, the doctrine of separation of powers, and the Equal Protection

4

Clause.  *See Memorandum in Support of Jurisdiction, Exhibit 24 to Motion to Dismiss*, ECF 6-1, PageID# 271.

Setting aside the question of whether Petitioner has waived the claims he now presents for relief, the Court concludes that Petitioner has failed to establish that he is entitled to relief.

Petitioner's claim, to some extent, necessarily involves the interpretation of state statutes and the provisions of O.R.C. § 2929.41, regarding whether the sentences at issue were required to run consecutively or concurrently to one another.  A state law claim fails to provide a basis for relief.  It is not this Court's function, in the context of a habeas corpus proceeding, to interpret state law.  That job is left to the state courts, and "the views of the state's highest court with respect to state law are binding on the federal court."  *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).  Federal courts may issue a writ of habeas corpus only to remedy violations of federal law; "federal habeas corpus relief does not lie for errors of state law...."  *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

Petitioner's claim that he is being held in violation of the doctrine of separation of powers also fails to present an appropriate issue for habeas corpus relief.  *See Graham v. Warden*, No. 1:10-cv-616, 2011 WL 3941615, at *31 (S.D. Ohio July 22, 2011)(citation omitted).

> Such arguments about the structure of a state's governance are matters for the individual states, not for the federal government. The only structural requirement imposed on the states by the Constitution is that each state shall have a republican form of government. Art. IV, § 4. All else, consistent with the federal rights guaranteed a state's citizens, is a matter for the individual states.

*McKitrick v. Smith*, No. 3:08–CV–597, 2009 WL 1067321 *9 n. 4 (N.D.Ohio April 21, 2009); *see also Austin v. Jackson,* 213 F.3d 298, 302 (6th Cir. 2000) (claim under doctrine of separation of powers presents an issue of state law not cognizable for federal habeas review); *Harris v.*

5

*Wilson*, No. 1:06–cv–2342, 2006 WL 3803410, at *5 (N.D.Ohio Dec.26, 2006) (claim that Ohio parole board violated doctrine of separation of powers by determining earliest release date constitutes an issue of state law not appropriate for federal habeas corpus review); *Shahan v. Smith,* No. 2:08–cv–252, 2009 WL 2169194, at *7 (S.D.Ohio July 16, 2009) (same).

> In *Whalen v. United States*, 445 U.S. 684, 689 n. 4, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), the Supreme Court noted that "the doctrine of separation of powers embodied in the Federal Constitution is not mandatory on the States." The Sixth Circuit also has held that the separation of powers between a state trial judge and other branches of the state government "is a matter of state law," which is not subject to federal habeas review. *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir.2000) (citing *Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984)); see also 28 U.S.C. § 2254(a). Here, the Ohio Court of Appeals rejected petitioner's claim of state-law error and ruled that under controlling Ohio precedents, the state's mandatory sentencing legislation does not violate the separation-of-powers doctrine. (Doc. 10, Ex. 17, p. 17). This Court lacks authority to reexamine the state-law issue, which was decided against petitioner on direct appeal. *See Wilson v. Corcoran,* ––– U.S. ––––, 131 S.Ct. 13, 16, 178 L.Ed.2d 276 (2010) (quoting *Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991)) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions").

*Graham v. Warden*, 2011 WL 3941615, at *31-32.

The issue remaining for review therefore involves whether the state court's application of state law violates due process or the Equal Protection Clause.  This Court concludes that it does not.

Petitioner does not indicate on what basis he contends that his sentence violates the Equal Protection Clause, nor is it apparent from the record. Although he asserts, generally, in his *Memorandum in Support of Jurisdiction* in the Ohio Supreme Court that requiring him to serve consecutive terms of incarceration violates his right to equal protection, he does not expound on

the reasons he believes that to be the case. ECF 6-1, PageID# 274. The record indicates that he presented no evidence to support this claim in the state courts, and he has not done so here. Without proof that Petitioner was singled out for a longer sentence due to some impermissible factor or received a disproportionately longer sentence than other similarly-situated defendants charged with similar crimes, no court could have been expected to grant relief on this basis. The Constitution permits qualitative differences in meting out punishment and there is no requirement that two persons convicted of the same or similar offenses receive identical sentences. *Williams v. Illinois*, 399 U.S. 235, 243 (1970). Further, the threshold element of an equal protection claim is disparate treatment. There is no evidence of disparate treatment in this record, and thus, no merit to Petitioner's equal protection claim. *See Oldham ex rel. Young v. Cincinnati Public Schools,* 118 F.Supp.2d 867, 871 (S.D. Ohio 2000). Consequently, Petitioner is not entitled to relief under the Equal Protection Clause.

This Court must also address whether the State's imposition of consecutive terms of incarceration violates due process. A sentence may violate due process where it is based on misinformation or material false evidence. *Haskell v. Berghuis*, 511 Fed.Appx. 539, unpublished, 2013 WL 163965, at *11 (6th Cir. Jan. 16, 2013)(citing *Roberts v. United States*, 445 U.S. 552, 556 (1980); *Townsend v. Burke*, 334 U.S. 736, 741 (1948)). "Incarcerating a prisoner after the expiration of his maximum sentence may result in a constitutional violation." *Kipen v. Renico*, 65 Fed.Appx. 958, unpublished, 2003 WL 21130033, at *1 (6th Cir. 2003). However, a state court's interpretation, or misinterpretation, of its own sentencing laws and guidelines constitutes a matter of state concern only. *Howard v. White,* 76 Fed. Appx. 52, unpublished, 2003 WL 22146139, at *2 (6th Cir. 2003)(citations omitted). The computation of a

prisoner's term involves a matter of state law that is not cognizable in § 2254 proceedings. *Haskell v. Berghuis*, 2013 WL 163965, at 11 (citing *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). The record fails to reflect that Petitioner is being held beyond the maximum expiration date of the sentence.  Under O.R.C. § 2929.41(B), the state courts have determined that state law required a probationer or parolee to serve his sentence consecutively to another sentence upon commission of a new felony offense.  Thus, state law required imposition of consecutive terms at the time of sentencing.  Neither the prison nor the State of Ohio altered the sentence(s) imposed by the trial court in this case, as Petitioner alleges.  State and federal courts have the power to impose consecutive sentences for multiple offenses, and the Supreme Court has called the practice of giving trial judges "unfettered discretion" to determine whether sentences for discrete offenses shall be served consecutively or concurrently a common-law tradition.  *Oregon v. Ice*, 555 U.S. 160, 163 (2009).  Imposition of consecutive terms of incarceration does not violate clearly established federal law construing the Due Process Clause, or make the state court proceedings fundamentally unfair.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review.  For the all of the foregoing reasons and for the reasons addressed by the Magistrate Judge, the *Report and Recommendation,* ECF 8, is **ADOPTED** and **AFFIRMED**.  Respondent's *Motion to Dismiss,* ECF 6, is **DENIED.**  Respondent's *Objection* to the Magistrate Judge's *Report and Recommendation,* ECF 11, is **SUSTAINED** on the basis that Petitioner's claim lacks merit.  Petitioner's *Motion to Appoint Counsel,* ECF 10, is **DENIED.**  The petition for a writ of habeas corpus is hereby **DISMISSED**.

**IT IS SO ORDERED.**

Date: January 2, 2015                               s/James L. Graham
                                                                     JAMES L. GRAHAM
                                                                     United States District Judge